Mark A. Kriegel, Esquire
LAW OFFICE OF MARK A. KRIEGEL
1479 Pennington Rd.
Ewing, NJ 08618
(609) 883-5133 Fax: (609) 450-7237
Attorney for Plaintiff,
Scanning Technologies Innovations, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SCANNING TECHNOLOGIES INNOVATIONS, LLC,** | |
| Plaintiff, | Case No.: 2:22-cv-01157-SDW-JSA |
| vs. | |
| | PATENT CASE |
| **PEGASUS U.S.A., LLC,** | |
| | MEMORANDUM IN SUPPORT OF |
| Defendant. | DEFAULT JUDGMENT |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 55(b)(2), Plaintiff, Scanning Technologies Innovations LLC ("Plaintiff" and/or "STI") brings this Motion for Default Judgment against Defendant, Pegasus USA, LLC ("Defendant" and/or "Pegasus"), and in support, states:

**I.**
**BACKGROUND**

1.  On March 3, 2022, Plaintiff filed its Complaint against Defendant [Doc. 1] alleging infringement of U.S. Patent No. 9,934,528. Defendant was served on April 14, 2022. Defendant was required to file an answer to the complaint on May 5, 2022.

2.  To date, Defendant has not filed an answer or otherwise responded to the complaint.

3.  On July 28, 2022, Plaintiff filed its Request for Entry of Default [Doc. 7]. Thereafter, on July 28, 2022, the court entered the Clerk's Entry of Default. To date, Defendant

has not filed an answer to the Original Complaint.

## II.
## LEGAL STANDARD

4. "Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *Elec. Creations Corp. v. Gigahertz, Inc.*, No. 12-CV-1423, 2013 WL 3229125, at *3 (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).

5. First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default. Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court. . . . Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.

6. Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop,* 645 F.3d at 137.

7. The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor. *Belizare,* 61 F. Supp. 3d at 344.

## III.
## DEFAULT JUDGMENT IS PROPER

8. Federal Rule of Civil Procedure 55(b) authorizes Plaintiff to seek, and the Court to enter, default judgment against a party who has failed to plead or otherwise defend an action.

9. The Court possess jurisdiction over this action pursuant to Section pursuant to 28 U.S.C §§ 1331. Venue properly lies with this Court pursuant to 28 USC §1400(b) because Defendant is deemed to be a resident of this District and alternatively, Defendant committed the acts of infringement alleged in the Complaint within this District. *See,* **Complaint ¶7.**

10. Defendant has not shown a meritorious defense to the action.

11. Plaintiff will suffer prejudice if default judgment is not entered.

## IV.
## RELIEF REQUESTED

12. Section 284 of the Patent Statute (35 U.S. Code § 284) envisages that a patentee is entitled to damages which are adequate to compensate for any kind of infringement of his patents and that said compensation cannot be less than a reasonable royalty for the use made of the invention by the infringer.

13. Plaintiff respectfully submits that damages should be calculated a reasonable royalty and that the reasonable royalty should be calculated as set forth in the Declaration of Leigh Rothschild (*see* Exhibit 1; paragraphs 5-12). The amount of a reasonable royalty according to this calculation is $292,500.00 U.S.D. plus attorney's fees and costs.

14. At a minimum, damages should be no lower than $50,000. *See* Exhibit 1, paragraphs 11-12.

15. Plaintiff respectfully asks this court to enter a default judgment in favor of Plaintiff ordering Defendant to pay Plaintiff an amount of damages of $292,500.00 U.S.D. plus attorney's fees and costs but no less than $50,000.00 U.S.D.

16. Plaintiff further requests this Court to award Plaintiff its attorney fees and expenses incurred in pursuing this matter.

17. Plaintiff Scanning Technologies Innovations LLC therefore moves the Court for an order of Default Judgment.

Dated: November 17, 2022.                    Respectfully submitted,

                                             */s/Maek A. Kriegel*
                                             **MARK KRIEGEL**
                                             **LAW OFFICE OF MARK A. KRIEGEL, LLC**
                                             1479 Pennington Rd.
                                             Ewing, NJ 08618
                                             (609) 883-5133
                                             Fax: (609) 450-7237
                                             mkriegel@kriegellaw.com

                                             **ATTORNEYS FOR PLAINTIFF**