IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS, LLC, <br><br> Plaintiff, <br> vs. <br><br> PEGUSAS U.S.A., LLC, <br><br> Defendant. | Case No.: 2:22-cv-01157-SDW-JSA |

## DECLARATION

I, Leigh Rothschild, manager at Scanning Technologies Innovations LLC hereby declare and state as follows:

1. The party against whom judgement is sought is not an infant, incompetent, or in military service.

2. On November 14, 2019, Scanning Technologies Innovations LLC ("Plaintiff" and/or "STI") filed its Complaint against Defendant Pegasus U.S.A., LLC ("Defendant" and/or "Pegasus") alleging infringement of U.S. Patent No. 9,934,528 ("the '528 Patent") [Doc. 1].

3. To date, Pegasus USA, LLC has not responded to the Complaint.

4. On July 28, 2022, a clerk's entry of default as to liability was entered in favor of Plaintiff.

5. In evaluating damages for patent infringement several factors must be examined including, but not limited to:

   a. the Defendant's usage of the technology that the subject patent covers, and

   b. the Defendant's revenue derived from that usage.

6. Without the benefit of discovery from the Defendant but based on research and belief including the attached preliminary claim chart and evidence of use, STI believes that Defendant has relied upon and utilized the technology embodied in the '528 Patent for a substantial portion of Defendant's business. *See,* **Exhibit A, Claim Chart**.

7. Based on revenue figures stated on Zoominfo.com, Defendant's annual revenue is $13 Million. *See,* **Exhibit B**.

8. According to Defendant's YouTube video (https://www.youtube.com/watch?v=hh5gQstrYz0) demonstrating the Phomello point of sale system, Defendant has been using its technology covered by the '528 Patent since at least July 31, 2018. See, Exhibit C.

9. Without the benefit of discovery from Defendant and based on information and belief including **Exhibits A through C**, STI believes that Defendant has relied upon and utilized the technology embodied in the '528 Patent for a substantial portion of Defendant's business.

10. It is generally well-known and accepted that average royalty rates for patent licensing range from 3 to 6% of gross sales. Moreover, these rates are consistent with the information that the Plaintiff has been aware of for many years.

11. Based on the foregoing, STI believes a reasonable royalty in this case can be calculated as follows:

    c. Defendant utilizing the technology embodied in the '528 Patent to produce 25% of its revenue. That revenue is $3.25 million U.S.D. per year.

    d. Defendant should be assessed a conservative 3% royalty on its usage.

    e. Defendant's usage of the asserted technology has existed for at least 3 years. ***See,*** **Exhibit C.**

      f.      Based on the above factors, STI calculates a reasonable royalty of $292,500.00 U.S.D. solely for past infringement over the last 3 years.

      g.      Thus, reasonable royalty as calculated above is $292,500.00 U.S.D. plus attorney's fees.

12.      Alternatively, STI has previously licensed the '528 Patent, with one-time payments ranging from $5,000.00 to $50,000.00 U.S.D. in exchange for a license for the life of the '528 Patent.

13.      In sum, STI believes that the appropriate measure of damages should be $292,500.00 U.S.D. plus attorney's fees and costs, but no less than the statutory minimum of $50,000.00 U.S.D.

Executed on November 17, 2022.                                      _____

                                                                                                 Leigh Rothschild