<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PEGASUS U.S.A. LLC,<br><br>    Defendant. | Civil Action No. 22-1157 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>December 19, 2022 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiff Scanning Technologies Innovations LLC's ("Plaintiff") Motion for Default Judgment against Defendant Pegasus U.S.A. LLC ("Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2) (D.E. 10); and

**WHEREAS** Plaintiff filed its complaint in this action on March 3, 2022, and filed proof of service of the same upon Defendant on April 14, 2022. (D.E. 1, 7-3.)  The complaint alleges that Defendant infringed on Plaintiff's patent, U.S. Patent No. 9,934,528, by selling and/or using an online ordering system, the Pegasus Phomello point-of-sale system, that infringes on at least Claim 1 of said patent.  (D.E. 1 at 2–3; D.E. 1-1 at 13.)  Plaintiff has held this patent since April 3, 2018.  (D.E. 1-1 at 2.)  On July 28, 2022, upon Plaintiff's motion, this Court entered default as to Defendant for failure to plead or otherwise defend.  (D.E. 7.)  *See* Fed. R. Civ. P. 55(a).  To date, Defendant has not filed an answer or otherwise defended itself in this action; and

**WHEREAS** this Court is satisfied that it has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and that venue is proper under 28 U.S.C. § 1400(b); and

**WHEREAS**, pursuant to Rule 55(b)(2), this Court may grant default judgment against a party that has been defaulted, under Rule 55(a), for failure to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a)–(b). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); and

**WHEREAS** Title 35 directs courts to award damages for patent infringement that are "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs." 35 U.S.C. § 284. Attorney fees are to be granted only "in exceptional cases." 35 U.S.C. § 285. Damages may only be recovered where the infringer had notice of the patent, and the "filing of an action for infringement shall constitute such notice." 35 U.S.C. § 287. A "reasonable royalty" within the meaning of 35 U.S.C. § 284 "contemplates a hypothetical negotiation between the patentee and the infringer at a time before the infringement began." *Riles v. Shell Expl. & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002); *see also Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007) (stating that it is "the amount a prudent licensee would have been willing to pay and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.") (quotation marks and ellipses omitted); and

**WHEREAS** this Court has reviewed Plaintiff's Complaint and all documents submitted with the present motion.  In its Complaint, Plaintiff demanded (1) injunctive relief or, in the alternative, a royalty running from the time of judgment forward, and (2) damages resulting from Defendant's infringement of the patent.  (D.E. 1 at 14.)  In the present motion, Plaintiff requests $292,500.00, which it believes is a reasonable royalty for the patent infringement occurring since at least July 2018, plus attorney's fees and costs.  (D.E. 10-2 ¶¶ 5–11.)  However, it also notes that it has previously licensed use of the patent in question for the life of the patent, for between $5,000.00 and $50,000.00.  (*Id*. ¶ 12.); and

**WHEREAS** this Court thus finds that $50,000.00 is a reasonable royalty within the meaning of 35 U.S.C. § 284, because it appears that is the most Plaintiff would have charged Defendant in a hypothetical negotiation between the parties at a time before infringement began, which is no later than the date this action was filed. *See Riles*, 298 F.3d at 1311; 35 U.S.C. § 287. This amount is also ten times more than the amount Plaintiff was willing to grant a license for to other parties, and it thus appears adequate to compensate for the infringement.  (*See* D.E. 10-2 ¶ 12.)  This Court does not find that attorney's fees are warranted because Plaintiff does not assert, and has not demonstrated, that this is an "extraordinary case."  35 U.S.C. § 285. However, default judgment will include interest and costs pursuant to 35 U.S.C. § 284; therefore,

Plaintiff's motion for default judgment will be **GRANTED**.  An appropriate order and default judgment follow.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:     Clerk
cc:       Hon. Jessica S. Allen, U.S.M.J.
          Parties